Moncure, P.,
delivered the opinion of the court.
After stating the case, he proceeded: The injunction *528 in this case was improvidently granted,' and ought to ^ave beea dissolved on motion, even without answer or ^emurror- The hill made out no case for an injunction. The post nuptial deed of settlement iuvests the appelJulia D. Muller, with an absolute estate, in equity at least, in the property thereby conveyed to her sole and separate use; and so far from restricting the power of alienation, which is incident to such an estate, unless otherwise provided in the settlement, it expressly gives such power in the amplest form. After conveying the property to a trustee, “ in trust for the sole and separate use, benefit, enj oyment and control of the said Julia D. Muller, free from all claim on the part of her present or any future husband or his creditors,” the deed declares the conveyance to be, “ upon the further trust, that the said Julia D. Muller - shall have power, by a writing under her hand, to mortgage, convey in trust, or otherwise pledge, the said property, or any of it; and when requested in writing by the said Julia D. Muller so to do, the trustee, Lucy Giles, shall sell the property herein conveyed, or any part of it, and shall either pay over the proceeds to the said Julia I). Muller in whole or in part, or shall invest the same in whole or in part, in other property, to be held on the same trusts herein declared, as the said Julia I). Muller may request.” In pursuance of this ample power and this express trust, the deed of trust of the 23d of May 1868, was executed to secure the debt claimed by the appellee, Brooks, in this case. All the parties in interest, in law or equity, were parties to that deed, and duly executed it—Lucy Giles, the trustee, the said Julia D. Muller, the beneficiary, and Andrew Muller, her husband. The bill charges that the debt secured by the deed is the husband’s debt, and though the deed is executed in literal pursuance of the power, yet, that the power was given to be exercised for the benefit of the wife, and not of the husband, and that the execution of the deed, to secure a debt of the husband, *529 was therefore a perversion of the power and a breach of the trust. It does not appear from the deed of trust that the debt thereby secured icas the debt of the hus--baud only. It is therein described as the debt of all the parties of the first part of the deed—Lucy Giles trustee, Julia L. Muller and Andrew Muller her husband. But suppose it was, as the bill avers, the debt of the husband only ; or, rather, that the money derived from the creation of the debt was applied to the payment of his individual debts : ■ does that fact, of itself, invalidate the deed ? Certainly not. A wife who has an absolute separate estate, with power to dispose of it as she pleases, and therefore with power to throw the proceeds of the sale of it into the sea if she pleases, can surely devote it to the benefit of her husband and to the payment of his individual debts. She can certaiuly give it to anybody in the world but her husband: and why not to her husband also ? When she gives it to her husband, we must closely scrutinize the act, lest it should have been induced by undue influence; for we know that the wife is almost always, more or less, under the influence of the husband, which may be unduly exercised. But if the gift be free and voluntary ou her part, and within the terms of her power, it is always a valid, and often a meritorious act. That a wife may give her separate estate to her husband, or devote it to his benefit, is now too well settled a proposition to require a citation of authority for its support. If she be induced by fraud or undue influence on his part to do so, the act will be void. But it is not pretended in the bill, that there was any fraud, or undue influence, or influence of any kind, used by the husband to induce the execution of the deed by the wife in this case. The invalidity of the deed is placed solely upon the naked ground of the incapacity of the wife, though invested with the largest possible powers, to divert her separate estate from her own exclusive *530 enjoyment, and to devote it, or any part of it, to the Payment or security of her husband’s individual debts. Then, what other ground of equity is there in the hill ? Only the allegations that the time is unpropitious £or a gaqe> or Was, when the bill was filed ; that money was searce; and that, owing to the large amount of the cash payment required, the sale, if made as advertised by the trustee Bayly, would be attended with great, if not irreparable, loss and injury to the wife and her children. Certainly these allegations can afford no just ground for enjoining the sale. It is not pretended that the terms of the deed were not strictly pursued by the trustee in advertising the sale ; that he required a larger cash payment to be made by the purchaser than was authorized or prescribed by the deed.
Thus it appears that there was no good ground for an injunction ; that it ought not to have been granted : and having been improvidently granted, that it ought to have been dissolved on motion, even without the necessity of an answer or of a demurrer.
But it is said that the Circuit court of the city of Richmond had no right to make the order which it did make on the 8th of July 1869, for the removal of the cause to the Circuit court of the county of Henrico; and that, if the cause was improperly brought in the Circuit court of the city of Richmond, a3 stated in the said order, it ought to have been dismissed, according to the principle of the cases of Randolph's ex'or, &c. v. Tucker & al., 10 Leigh 655; and Beckley v. Palmer & al., 11 Gratt. 625; instead of being removed to the Circuit court of the county of Henrico.
It seems difficult to perceive how the appellants could he prejudiced by removing their cause to another court instead of dismissing their bill; or how they would have been any better off than they now are, if their bill . had been dismissed by the Circuit court of the city of Richmond for want of jurisdiction.
*531 But ought the bill to have been dismissed for the want of jurisdiction, supposing it to have stated a proper for equitable relief?
It is contended, that though the hill states a proper case for equitable relief, that relief coaid be tered only by the Circuit or County court of the county of Honrico, and not by the Circuit court of the city of Richmond, according to the Code, ch. 179, § 4, p. 786, which declares that “jurisdiction of a bill for an injunction to any judgment, act or proceeding, shall be in a Circuit, County or Corporation court, of a county or corporation in which the judgment is rendered, or the act or proceeding is to be done, or is doing, or apprehended,” &c. It is contended that this is an injunction suit, wilhiii the meaning of that section, that the proceeding injoined, to wit: the sale under the deed of trust, was about to take place in the county of Henrico, and not in the city of Richmond, and therefore that only the courts of the county, and not the courts of the city, have jurisdiction of the suit; though every judge of a Circuit court has, under § 6 of the same chapter, a general jurisdiction in awarding injunctions ; but Ms order must, according to § 9, bo directed to the clerk of such Circuit court as has jurisdiction under § 4, and the proceedings {hereupon shall be as if the order bad been made by such court or the judge thereof.
It is well settled that § 4, of chapter 179, aforesaid, applies only to a puro bill of injunction, and not to a bill seeking other relief, to which the injunction sought is merely ancillary. This was expressly decided by this court in the rocent case of Winston & als. v. The Midlothian Coal Mining Company & als., 20 Gratt. 686. See also 2 Rob. old Pr. 249, and the cases there cited of Hough v. Shreeve, 4 Munf. 490; Singleton v. Lewis &c., 6 Munf. 397; and Pulliam v. Winston, 5 Leigh 324.
The bill in this case is something more than a pure injunction bill. It seeks to invalidate the deed of trust* *532 upon the ground that it was not authorized by the deed °t settlement. And it prays for general relief. As all ^ie Part^es to the suit, except perhaps the trustee in the settlement, Lucy Giles, seem to have resided in the city 0f R.\chmond when the suit was brought, it follows, therefore, that the Circuit court of the city had jurisdiction of the suit, upon the principle of the cases just cited.
But it had jurisdiction of the suit, even if we regard it as a pure injunction suit. A court of chancery acts upon the person, and as a general rule, has jurisdiction wherever the defendant resides or is found within its territorial limits. Sometimes a statute gives to a particular court of chancery special jurisdiction in a particular case. The statute in regard to pure injunction suits is one of that nature. But certainly that statute does not take away or impair the power of a court of chancery of genal jurisdiction to take cognizance of a case submitted to its decision by the consent of all parties, especially when, all of them reside within its territorial limits. If a decree had been made in this suit by the Circuit court of the city of Richmond, showing that it was heard in such court by consent of all parties, surely the decree would not bé void for want of jurisdiction, even though the bill were a pure injunction bill, and showed upon its face •that the proceeding sought to be injoined was about to take place outside of the boundaries of the city. So, a so, if the plaintiffs in the injunction suit elect to bring their suit in the Circuit court of the city of Richmond, where all or nearly all of the parties concerned reside, instead of in the Circuit court of the county of Henrico, it would not lie in their mouths afterwards to say that the ci'iirt thus selected by them, had no jurisdiction of the suit. The defendants might, perhaps, make the objection, but not the plaintiffs. True, the law in regard to the jurisdiction of an injunction bill was no doubt made chiefly, if not entirely, for the benefit and conve *533 nience of the plaintiff in the injunction, but he may waive that benefit; and by bringing his suit in another court,1 he does waive it, so far as he is concerned.
In this case there was nothing in the bill to show that the property about to be sold was situated outside of city, or that the sale was to be made outside of the city. The bill was filed by the plaintiffs in the Circuit court of the city, and the two principal defendants, Bayly and Brooks, who resided in the city, filed their answers, making no objection to the jurisdiction of the court. These answers were replied to generally, and the parties were thus at issue: after which the order of removal aforesaid was made. When that order was made there was nothing in the cause showing, certainly, that the property to be sold was situate outside of the city. The advertisement describes it as within 300 yards of the corporation line; but whether without or within that line is not stated. The lots are described as being in Duval’s addition, and as being designated by certain numbers in the plan of that addition.
Row, can it be predicated of this case that the Circuit court had not jurisdiction of it when the order of removal was made ?
That proposition is sought to be maintained on the authority of the cases of Randolph's ex'or &c. v. Tucker & al., 10 Leigh, 655, and Beckley v. Palmer & al., 11 Gratt. 625, before referred to. Do they maintain it? We think not.
In the case of Randolph's ex'or v. Tucker &c., which was decided by a special court of appeals, consisting of three judges of the General court, the suit was brought in the Circuit court of James City county, where none of the defendants resided ; to obtain an issue of devisavit vel non in regard to John Randolph’s will, which had been admitted to probate in the general court. The defendants resided in other, and generally distant, counties, and the transaction sought to be injoined was to take *534 place in a distaut county. The only ground for mainlining the jurisdiction was the service of process on the defendants, Bryan and wife, who happened to be in’ James City; though they resided elsewhere. The ground of jurisdiction was considered colorable merely. One of the principal defendants objected to the jurisdiction of the court iu his answer ; and most of them, at the hearing, moved a dismission of the bill for want of jurisdiction. The Circuit court overruled the motion, and the special court of appeals reversed the judgment and dismissed the bill. In that case, it will be observed, that the objection to the jurisdiction of the court came not from the plaintiffs, hut from the defendants. If the defendants had been willing to try the case in James City, the plaintiff's, after bringing their suit in that county, would hardly have been sustained 'in a motion to dismiss it because they did not bring it elsewhere. That case was a peculiar one. It was not a pure injunction suit, and the injunction prayed for “was merely ancillary to the other and principal relief prayed for.” That the ground of jurisdiction was merely colorable, and the palpable inconvenience of the place selected by the plaintiffs for the suit, were the reasons which induced the court to sustain the objection of the defendants, and to dismiss the hill for want of jurisdiction.
In the case of Beckley v. Palmer & al., the bill, upon its face, showed that it ought to have been filed in the Circuit court of Fayette county, where the judgment sought to be injoined was rendered,' instead of the Circuit court of Baleigli, and the objection was made by, and the decision of the court was in favor of, the defendants, and not the plaintiffs, who had elected to bring their suit in the Circuit court of Baleigli. This was one of the grounds on which this court affirmed the decree of the court below dismissing the bill. There was another ground of dismission, in regard to which four of the five judges who sat in the case concurred, or *535 rather three of them, for Judge Daniel did not state his ground for the affirmance. It is worthy of remark, that in that case the court did not reverse all that had been done by the court below, both on the original bill and the amended bill, and dismiss both bills for want jurisdiction ; but affirmed the decree of the court below, after amending it, by formally dissolving the injunction : thus sustaining, to that extent, the jurisdiction of the court.
Those cases, therefore, cannot be regarded as authority for holding that when the order of removal was made the Circuit court of the city of Richmond had no jurisdiction of the case. .
We are of opinion, then, that it had such jurisdiction. And now we come to the question,
Is there any error in the order of removal ?
There was first such an order made in vacation, but on the next day the vacation order wTas set aside, and the same order was made in court. The court order is the one, the validity of which we are now to consider.
The law 'which authorizes a suit to be removed from one Circuit court into another, is to be found in the Code, ch. 174, § 3, p. 719. ££ On the motion of any party to a suit in a Circuit court, the said court may order it to be removed to any other Circuit court,” &c.
It does not appear on whose motion the order of removal in this case was made ; nor is that necessary. It does appear that both parlies were present by their counsel when the order was made ; and the presumption is that it was duly made. The order assigns as a reason for making it, that it appeared that the cause had been improperly brought in the court. Even if this reason were unfounded in fact, it would not invalidate an order which the court had power to make, and to which there was no exception. The court might have thought the cause had been improperly brought into the court, even though the court had jurisdiction to try it. But that a *536 Circuit court has a right to remove a cause therein pending into another Circuit court, and that the Circuit C01ir^ the city of Richmond made such an order of removal in this case, the parties being present by their counsel, is conclusive of all question in the appellate court, as to the propriety of such order of removal, no exception having been taken to that order in the court below. That the cause was at rules when the order of removal was made, does not make'that order premature. The law authorizing such removal is general in its terms, and does not require the cause to be on the court docket when removed. And now we come to consider the question,
Is there any error in the vacation order of the judge of the Circuit court of the county of Henrico, made_on the defendant’s motion to dissolve the injunction?
That motion came on to be heard on notice of the same, and on the bill, answers and exhibits, and the order of removal aforesaid, and on two objections taken by the plaintiffs to the hearing of said motion, to wit: 1st. That the cause was removed from the Circuit court of the city of Richmond during the vacation of the Circuit court of the county of Henrico ; and, 2d. That the same had not been placed upon the docket of the latter court at its regular term. And after argument by counsel, the said judge ordered the injunction to be dissolved and the bill to be dismissed: and further, suspended the effect of the order for thirty days ; no doubt to afford the plaintiffs an opportunity of applying for this appeal.
That the cause was removed during the vacation of the Circuit court of Henrico, can make no difference. Hor can it make any, that the same had not been placed upon the docket of the said court at its regular term, when the said motion and order were made. The law gives to the court, to which the cause may be removed, no discretion about it. Section 4, of ch. 174, p. 719, of the Code, provides that “ when any suit is ordered to *537 be removed under this chapter, the clerk of the court from which, shall transmit to the clerk of the court to which, it is removed, the original papers therein,” &c. ; 4 4 whereupon the case shall be proceeded in, heard and determined by the court to which it is removed, as if had been brought and the previous proceedings had in said court.” The directions of this section as to the transmission of the original papers were complied with in this case, and á motion to dissolve the injunction was then made, on notice of the same, to the judge of the Circuit court of Henrico county in vacation, and was heard by him precisely as it would have been if the suit 4 4 had been brought and the previous proceedings had in said court;” all of which was in strict conformity with the law. The Code, ch. 179, § 12, p. 738, declares that 44 the judge of a Circuit court in which a case is pending, whereon an injunction is awarded, may, in vacation, dissolve such injunction after reasonable notice to the adverse party. His order for the dissolution shall be directed to the clerk of said court, who shall record the same in the order hook.” An order of dissolution could have been made in vacation by the judge of the Circuit court of the city of Richmond, at any time before the removal of the cause from that court, and by tbe judge-of the Circuit court of the county of Henrico at any time after the removal of the cause to that court; without waiting, in either case, until the cause was put upon the docket, or until an order of court was made for that purpose.
The judge of the Circuit court of the county of Henrico having power to make the order of dissolution which was made in the case, the next question is, Was it right to make such an order ? and that question has already, in effect, been answered in the affirmative.
But the judge, besides dissolving the injunction, made an order to dismiss the bill; which he had no right to-do in vacation. The Code, ch. 179, § 14, declares that *538 where an injunction is wholly dissolved, the bill shall stand dismissed with costs, unless sufficient cause be shown against such dismission, when the case is in a circuit court, at the next term,” &c. “ The clerks of said courts shall enter such dismission on the last day of said terms.”
There are two questions connected with this case, which we have deemed it unnecessary to decide, and upon which we do not wish to be understood as intimating any opinion ; and they are, 1st, whether the plaintiff in an injunction suit has not a right of election to bring it in the place in which the judgment was rendered or the proceeding is apprehended which is sought to be injoined, or to bring it in the place where the defendants or some of them reside ; and, 2diy, if he be bound to bring it in the former, and it be brought in the latter, by mistake of the judge awarding the injunction in directing his order to the clerk of the latter instead of •the former, or otherwise ; whether it be necessary to dismiss the bill, on motion being made for that purpose ; or whether, instead of dismissing it, the suit may not be removed into the proper court, by order of the court in which it is improperly brought. These questions may both be res adjudicata. But whether so or not, we mean not now, because it is unnecessary, to decide.
Therefore, so much of the said order as purports to dismiss the bill is void and must be disregarded ; and we are of opinion that the said order ought to be amended in that respect, and as amended affirmed, and the cause remanded to the said Circuit court of the county of Henrico for further proceedings to be had therein as aforesaid.
Decree amended and aeeirmed.